IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKME LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-227 (MN) |
| | ) |
| WHATFIX INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 19th day of October 2023:

WHEREAS, on March 1, 2023, Plaintiff WalkMe Ltd. initiated a patent-infringement action against Defendant Whatfix Inc., alleging that Defendant infringes various claims of U.S. Patent Nos. 10,819,664, 11,258,732 and 11,558,317 (collectively, "the Asserted Patents") (D.I. 1);

WHEREAS, on May 30, 2023 and in response to a motion to dismiss filed by Defendant (D.I. 8), Plaintiff filed a First Amended Complaint, again asserting infringement by Defendant of the Asserted Patents (D.I. 13);

WHEREAS, on June 20, 2024, Defendant filed the instant motion to dismiss the First Amended Complaint (D.I. 17), arguing that the asserted claims of the Asserted Patents are directed to ineligible subject matter under 35 U.S.C. § 101;

WHEREAS, across the three Asserted Patents, there are twenty-eight asserted claims,[1] and Defendant requests that the Court find each of those claims to be directed to patent-ineligible subject matter at the motion to dismiss stage;

---

[1] According to Defendant, the asserted claims are claims 1-9, 14, 18, 20-23, 28, 29, and 33 of U.S. Patent No. 10,819,664, claims 1 and 9-11 of U.S. Patent No. 11,258,732, and claims 1, 2, 8, 10, 15 and 20 of U.S. Patent No. 11,558,317.

WHEREAS, Defendant does not assert that any claim is representative of any other claim(s) and Defendant does not even quote the claims in its brief, instead largely relying on summaries of what "[i]n essence" is claimed (*see, e.g.*, D.I. 18 at 4);

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, many of the claims subject to Defendant's § 101 motion will not be in issue at later stages of the case (including at trial); and

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of twenty-eight claims from the Asserted Patents at the motion to dismiss stage, particularly where there is no showing (or attempt at showing) that any claim is representative of other claims.

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED without prejudice to renew at summary judgment, if appropriate, with respect to the § 101 issues.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge