# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKME LTD., <br><br> Plaintiff, <br><br> v. <br><br> WHATFIX INC., <br><br> Defendant. | C.A. No. 23-227-MN <br><br> **JURY TRIAL DEMANDED** |

## WALKME'S ANSWERING BRIEF IN SUPPORT OF ITS OPPOSITION TO WHATFIX'S MOTION TO CONTINUE STAY FOR DURATION OF ITS APPEALS

OF COUNSEL:

James Pooley
(Admitted *Pro Hac Vice*)
**JAMES POOLEY, PLC**
325 Sharon Park Dr., #208
Menlo Park, CA 94025
Telephone: (650) 285 8520
James@pooley.com

Jacob Kirkham (Del. State Bar No. 5768)
**KOBRE & KIM LLP**
600 North King Street, Suite 501
Wilmington, DE 19801
Telephone: (302) 518 6460
Fax: (302) 518 6461
Jacob.Kirkham@kobrekim.com

Michael Ng (Admitted *Pro Hac Vice*)
Daniel Zaheer (Admitted *Pro Hac Vice*)
Kim Kennedy (Admitted *Pro Hac Vice*)
**KOBRE & KIM LLP**
150 California Street, 19th Floor
San Francisco, CA 94111
Telephone: (415) 582 4800
Fax: (415) 582 4811
Michael.Ng@kobrekim.com
Daniel.Zaheer@kobrekim.com
Kim.Kennedy@kobrekim.com

George Stamatopoulos
(Admitted *Pro Hac Vice*)
**KOBRE & KIM LLP**
800 Third Avenue, 6th Floor
New York, New York, 10022
Telephone: (212) 488 1200
George.Stamatopoulos@kobrekim.com

Dated: May 2, 2025

*Attorneys for Plaintiff*
WALKME LTD.

# **TABLE OF CONTENTS**

**INTRODUCTION** ........................................................................................................................ 1

**NATURE AND STAGE OF PROCEEDINGS** .......................................................................... 2

**SUMMARY OF ARGUMENT** ................................................................................................... 3

**STATEMENT OF FACTS** .......................................................................................................... 4

**LEGAL STANDARD** ................................................................................................................. 5

**ARGUMENT** ............................................................................................................................... 5

    I.    Continuing The Stay Would Not Simplify The Issues ....................................................... 5

    II.    The Status of the Proceedings Weighs Against Extension of the Stay ............................... 6

    III.    WalkMe Would Be Severely Prejudiced If Its Competitor Were Allowed To Continue Infringing Its Patents For Years Without Consequence............................................................ 7

**CONCLUSION** ............................................................................................................................ 8

## TABLE OF AUTHORITIES

**Cases**         **Page(s)**

*B.E. Tech., L.L.C. v. Twitter, Inc.*,
  No. CV 20-621-GBW, 2023 WL 3478567 (D. Del. May 16, 2023) .................................. 1, 7, 8

*Dermafocus LLC v. Ulthera, Inc.*,
  No. CV 15-654 (MN), 2018 WL 5113960 (D. Del. Oct. 19, 2018) .................................. passim

*Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*,
  No. CV 14-1430-LPS-CJB, 2018 WL 1061370 (D. Del. Feb. 26, 2018) .............................. 1, 6

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  No. CV 18-452-WCB, 2020 WL 6270776 (D. Del. Oct. 26, 2020) .............................. 1, 5, 6, 8

Plaintiff WalkMe Ltd. hereby opposes defendant Whatfix, Inc.'s motion to stay pending appeal. D.I. 58.

**INTRODUCTION**

As the parties to this case have previously advised the Court, they anticipate dismissal of this case imminently. *See* D.I. 57. WalkMe continues to expect a stipulated dismissal of this matter, which would moot this motion. However, if the case is not dismissed and instead moves forward, WalkMe submits that it should not be stayed pending appeal. Whatfix's motion sidesteps a glaring issue—that its inter partes review ("IPR") petitions were virtually a ***complete loss***. In particular, Whatfix filed four IPR petitions as to three patents, and lost on one of the petitions at the institution stage. Whatfix then lost two other petitions completely in final written decisions, and lost the final petition with respect to eight patent claims. The end result of Whatfix's IPRs is that two of the three patents-in-suit (comprising 38 asserted patent claims) are entirely unscathed, and 8 key claims of the third patent also remain unscathed—leaving a total of 46 claims still valid. Courts in this district routinely reject requests by defendants who lost IPRs to stay proceedings pending appeal. *See Dermafocus LLC v. Ulthera, Inc.*, No. CV 15-654 (MN), 2018 WL 5113960, at *3 (D. Del. Oct. 19, 2018) (Norieka, J.); *see also*, *B.E. Tech., L.L.C. v. Twitter, Inc.*, No. CV 20-621-GBW, 2023 WL 3478567, at *3 (D. Del. May 16, 2023); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2020 WL 6270776, at *7 (D. Del. Oct. 26, 2020); *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. CV 14-1430-LPS-CJB, 2018 WL 1061370, at *2 (D. Del. Feb. 26, 2018). The Court should do the same here, for the same reasons that it has done so when previously facing these circumstances. *See Dermafocus*, 2018 WL 5113960, at *1-3.

## NATURE AND STAGE OF PROCEEDINGS

This is a patent infringement action between competitors in the Digital Adoption Platform ("DAP") software market. WalkMe filed its original complaint on March 1, 2023 (D.I. 1), and its first amended complaint on May 30, 2023 (D.I. 13). WalkMe alleges that Whatfix infringes three patents: U.S. Patent Nos. 10,819,664 ("the '664 patent"); 11,258,732 ("the '732 patent"), and 11,558,317 ("the '317 patent"). The Court denied Whatfix's motion to dismiss on October 19, 2023. D.I. 27.

Between August 2023 and October 2023, Whatfix filed four IPR petitions with the Patent Trial and Appeals Board ("PTAB"). *See* D.I. 52. The PTAB denied institution of inter partes review with respect to one of those petitions but granted institution with regard to the other three— one concerning the '664 patent; one concerning the '732 patent, and one concerning the '317 patent. *See* D.I. 56. Pursuant to stipulation, on February 12, 2024, the Court stayed proceedings pending the outcome of the IPRs. D.I. 52.

The PTAB issued its final written decisions with regard to the IPRs on March 18, 2025 and March 28, 2025. *See* D.I. 56, Exs. A-C. WalkMe scored nearly a complete victory in the IPRs, as shown below:

| WalkMe Patent | IPR No. | Claims at Issue | Status of Proceeding | Final Written Decision |
|---|---|---|---|---|
| 10,819,664 | IPR2023-01368 | 1-9, 12-16, 18-23, 25, 26, 28-31, and 33 | Final written decision issued on March 18, 2025 upholding claims 9, 14, 15, 18, 25, 28, 30, and 33; and invalidating claims 1-8, 12, 13, 16, 19-23, 26, 29, and 31. | Exhibit A (D.I. 56-1) |
| 11,258,732 | IPR2023-01379 | 1-6, 9-16, and 18-21 | Final written decision issued on March 18, 2025 upholding all challenged claims. | Exhibit B (D.I. 56-2) |
| 11,558,317 | IPR2024-00065 | 1-20 | Final written decision issued on March 28, 2025 upholding all challenged claims. | Exhibit C (D.I. 56-3) |

The parties then advised the Court of these decisions on April 2, 2025 (D.I. 56) and Whatfix filed the instant motion to extend the stay pending its forthcoming appeal to the Federal Circuit on April 18, 2025 (D.I. 58).

## SUMMARY OF ARGUMENT

1. All of the factors that are weighed in these circumstances point decidedly to the denial of a further stay. First, a stay would not simplify the issues because it is extremely unlikely that the Federal Circuit would disagree with the PTAB with respect to all 46 patent claims which the Board upheld. The prospect of this occurring is so remote that this factor weighs strongly against a further stay.

2. The status of these proceedings weighs against extending the stay. This case has been pending for more than two years. The Court has already decided a motion to dismiss and has entered a protective order and e-discovery order. The parties have exchanged initial disclosures and ESI disclosures. The parties are also engaged in parallel litigation in the Northern District of California, in which they have exchanged substantial discovery, including significant document productions and multiple depositions.

3. Continuing a stay would severely prejudice WalkMe. The parties are fierce competitors in the DAP market, and Whatfix's infringement of WalkMe's patented inventions is causing WalkMe competitive harm. A continuation of the stay through the Federal Circuit appeals would mean that the litigation of WalkMe's claims in earnest would likely not start until nearly three and a half years after it was filed. Such an extensive period of delay constitutes severe prejudice warranting denial of the stay motion.

## STATEMENT OF FACTS

Pursuant to Local Rule 7.1.3(c)(E), WalkMe will not "repeat facts recited in the opening brief." What is material for the present motion is that this case has been pending for more than two years (D.I. 1) and that Whatfix seeks an additional stay that could delay the matter from proceeding for years longer. That would cause serious prejudice to WalkMe, which competes with Whafix in the DAP software market. The patents in suit relate in particular to implementations of chatbots in DAPs, which is an important area of product development in the parties' market.

There is no reason to believe that this prejudice would be justified. Whatfix lost almost the entirety of its IPR petitions (*see* D.I. 56), and so it is extremely unlikely that the Federal Circuit would rule in a manner that would extinguish all three patents in suit and all 46 claims upheld by the PTAB. Although the delay associated with the IPRs have prevented discovery from moving forward, the parties have exchanged initial disclosures and the Court has already entered a protective order and ESI order. D.I. 45, 46. The parties are also litigating a parallel trade secret case in the Northern District of California, in which there have been significant document disclosures, exchange of written discovery and multiple depositions. *WalkMe Ltd. v. Whatfix, Inc.*, No. 4:23-cv-03991-JSW (N.D. Cal.).

## LEGAL STANDARD

The decision whether to grant a stay "is committed to the district court's discretion, since it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket." *Dermafocus*, 2018 WL 5113960, *1. "In determining whether a stay is appropriate, courts typically consider three factors: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Id.* at *2.

## ARGUMENT

### I.   Continuing The Stay Would Not Simplify The Issues

Extension of the current stay for one to two years (or more)[1] while the appeals are pending would not simplify the issues because the likelihood of Whatfix obtaining a reversal on *all* of the 46 patent claims upheld by the PTAB, across three patents, is essentially zero. "Records of the outcomes of Federal Circuit dispositions in PTAB appeals indicate that the Federal Circuit has issued a full affirmance in more than 75% of appeals from the PTAB." *IOENGINE*, 2020 WL 6270776, at *3 (citation omitted). When those odds are applied across three patents, that amounts to a statistical probability of just 1.6% that the appeals here would eliminate the need for this litigation. *See id.* (explaining that "In order for a decision on appeal to end these cases altogether, the Federal Circuit would have to reverse the outcome in two separate IPR proceedings involving three separate claims" which "would be expected to occur no more than about six percent of the time"); *see also Dermafocus*, 2018 WL 5113960, at *3 ("While it is possible that continuing the stay would simplify issues in the litigation, that would require the Federal Circuit to reverse the

---

[1] See https://federalcircuitry.mofo.com/statistics (calculating the average time from notice of appeal to decision in Federal Circuit appeals from the PTAB to be 480 days).

PTAB decision on all eighteen of the claims" but " the decision from the PTAB now suggests that all eighteen of the claims will survive."). In a case in which the odds of a total defense victory on appeal were orders of magnitude higher than they are here, this Court explained that the case should not be stayed during appeal. *See id.* The Court's reasoning applies with force here: "while the Federal Circuit may come to a different conclusion than the PTAB, the mere *possibility* (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated [after an] appeal and [that this would] result in simplification is too speculative to be given much weight.'" *Id.* (citation omitted, emphasis in original); *accord Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. CV 14-1430-LPS-CJB, 2018 WL 1061370, at *2 (D. Del. Feb. 26, 2018) ("[T]he best data point we have from the PTAB suggests that these claims will survive.").

While Whatfix claims it is "routine" for courts to extend stays pending appeal in these circumstances, that is simply not true. "[A]lthough district courts have, from time to time, granted motions to stay pending appeals from IPR decisions to the Federal Circuit, that practice has been anything but 'routine[.]'" *IOENGINE*, 2020 WL 6270776, at *5. In fact, the opposite is true: "Courts in this district have typically denied motions to extend stays after a ruling from the PTAB, emphasizing the difference between the circumstances before and after the PTAB issued its decision and how that difference in circumstances cuts against an extension of the stay." *Id.* And that is not just true in the District of Delaware. "In other districts, most courts faced with the same issue have employed similar analysis and have rejected motions to extend stays pending Federal Circuit review after some or all of the asserted claims have survived invalidity challenges in IPR proceedings." *Id.* at *6. The reason is that such appeals would cause extensive prejudicial delays with only a vanishingly small likelihood of simplification of the issues.

II.     **The Status of the Proceedings Weighs Against Extension of the Stay**

6

On its own, the fact that this case was filed years ago weighs against a stay, as this Court has previously held. *See Dermafocus*, 2018 WL 5113960, *2 ("Although no discovery has taken place because of the stay based on the IPR, the case is not really in its early stages" because "[t]he case was filed more than three years ago."); *see also B.E. Tech*, 2023 WL 3478567, at *3 (finding that second factor weighed in favor of stay even though "limited discovery has taken place due to the initial stay pending Final Written Decisions of the four IPRs" due to the yearslong pendency of the case).

But here there is more. The parties have already litigated and the Court has decided Whatfix's motion to dismiss. *See* D.I. 27. The parties have negotiated a protective order (D.I. 45) and ESI discovery order (D.I. 46), and the Court has entered those orders. The parties have not only exchanged initial disclosures, but have engaged in substantial discovery in a parallel trade secret litigation pending in the Northern District of California. In that case, the parties have produced thousands of documents, litigated multiple motions, and taken depositions. Although the issues in that case are not the same as the issues here, the advanced stage of discovery there would give the parties a significant head start in this case. All of these facts weigh against extension of the stay.

### III. WalkMe Would Be Severely Prejudiced If Its Competitor Were Allowed To Continue Infringing Its Patents For Years Without Consequence.

Courts have recognized that the significant delays occasioned by a Federal Circuit appeal cause substantial prejudice to the patentholder, which in turn weighs strongly against extension of an IPR-appeal-based stay. For example, this Court explained in *Dermafocus* that the delay alone is prejudicial: "DermaFocus has suffered from delay in its ability to have its allegations of patent infringement adjudicated in this Court" and "continuing the stay in favor of an appeal here (especially where the decisions being appealed clearly favor DermaFocus) would cause

7

DermaFocus prejudice." 2018 WL 5113960, at *3.  While this prejudice was sufficient on its own to support lifting of the stay, the Court noted that the prejudice would be even greater if the patent at issue was not expired and if the parties were competitors.  *Id.*  Here, WalkMe and Whatfix are competitors, and all three of the patents in suit are unexpired.  This case therefore presents an unusually strong prospect of prejudice.

"[C]ourts in this district have pointed out that the prejudice to the patent owner is increased by a stay pending appeal, because the period of delay pending a Federal Circuit appeal comes on top of the delay resulting from the initial stay pending the IPR decision by the PTAB."  *IOENGINE*, 2020 WL 6270776, at *6.  This too, standing alone, constitutes "real prejudice" favoring the discontinuance of the stay.  *B.E. Tech.*, 2023 WL 3478567, *3.

## CONCLUSION

For all the foregoing reasons, WalkMe respectfully submits that the motion should be denied.

| | |
|---|---|
| Dated: May 2, 2025 | Respectfully submitted, |
| OF COUNSEL: | /s/ Jacob Kirkham |
| | Jacob Kirkham (Del. State Bar No. 5768) |
| James Pooley | **KOBRE & KIM LLP** |
| (Admitted *Pro Hac Vice*) | 600 North King Street, Suite 501 |
| **JAMES POOLEY, PLC** | Wilmington, DE 19801 |
| 325 Sharon Park Dr., #208 | Telephone: (302) 518 6460 |
| Menlo Park, CA 94025 | Fax: (302) 518 6461 |
| Telephone: (650) 285 8520 | Jacob.Kirkham@kobrekim.com |
| James@pooley.com | |
| | Michael Ng |
| | (Admitted *Pro Hac Vice*) |
| | Daniel Zaheer |
| | (Admitted *Pro Hac Vice*) |
| | Kim Kennedy |
| | (Admitted *Pro Hac Vice*) |
| | **KOBRE & KIM LLP** |
| | 150 California Street, 19th Floor |
| | San Francisco, CA 94111 |
| | Telephone: (415) 582 4800 |
| | Fax: (415) 582 4811 |
| | Michael.Ng@kobrekim.com |
| | Daniel.Zaheer@kobrekim.com |
| | Kim.Kennedy@kobrekim.com |
| | |
| | George Stamatopoulos |
| | (Admitted *Pro Hac Vice*) |
| | **KOBRE & KIM LLP** |
| | 800 Third Avenue, 6th Floor |
| | New York, New York, 10022 |
| | Telephone: (212) 488 1200 |
| | George.Stamatopoulos@kobrekim.com |
| | |
| | *Attorneys for Plaintiff* |
| | WALKME LTD. |